Case 4:14-cv-00540-A   Document 1   Filed 07/16/14   Page 1 of 6   PageID 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| Shaletha Peterson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ProCollect, Inc.,<br><br>　　　　　Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Shaletha Peterson, by undersigned counsel, states as follows:

## **JURISDICTION**

1.　　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), in its illegal efforts to collect a consumer debt.

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3.　　Plaintiff, Shaletha Peterson ("Plaintiff"), is an adult individual residing in Arlington, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　　Defendant ProCollect, Inc. ("PC"), is a Texas business entity with an address of 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5.     Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to PC for collection, or PC was employed by the Creditor to collect the Debt.

8.     PC attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     PC Engages in Harassment and Abusive Tactics**

9.     In or around November 2013, PC began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

10.     At all times mentioned herein, PC called Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

11.     On or about December 9, 2013, Plaintiff spoke with PC and demanded that it cease the automated calls to her cellular telephone.

12.     Nonetheless, PC continued to place automated calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

13.     In addition, PC called Plaintiff's father, gave him a false docket number and stated that Plaintiff was going to jail for failing to pay the Debt.

C.       **Plaintiff Suffered Actual Damages**

14.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

15.      As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

16.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.      Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted Plaintiff's father for purposes other than to confirm or correct location information.

18.      Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed Plaintiff's father of the nature of Plaintiff's debt.

19.      Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's father regarding the Debt.

20.      Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.      Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22.      Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the legal status of the Debt.

23. Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened Plaintiff with imprisonment if the Debt was not paid.

24. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

25. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

26. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

31. Plaintiff instructed Defendant to cease the automated calls to her cellular telephone.

32. Nonetheless, Defendant continued to place automated calls to Plaintiff's cellular phone despite knowing that it lacked consent to call that number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

33. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

34. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 16, 2014

        Respectfully submitted,

        By */s/ Jenny DeFrancisco*

        Jenny DeFrancisco, Esq.
        CT Bar # 432383
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jdefrancisco@lemberglaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**